Brevard, J.
Tn this case, I am of opinion the motion for a nonsuit ought to be granted.
As to the objection to the form of the action, the case of Robinson v. Culp, decided in this court very lately, settles the question, and the civil injury is not swallowed up in the public offence. But at any rate, the objection is not good in the form in which it is taken. It should have been by demurrer.
I am of opinion there was no evidence sufficient to authorize the jury to find a verdict for the plaintiff, giving it the most favorable consideration.
The bill of sale was given by the sheriff to Taylor and Linn. The legal estate vested in them, if the sale was valid. If there was a trust, a court of equity only could afford relief. The sheriff’s sale to Tutt, was unlawful and void. The conveyance by the sheriff’, although not authorized by the sale, may be considered as a sale by the owner, Lamar. The consideration money went to the creditor.
The production of the execution was necessary in my opinion, *100 ghevv the sheriff’s authority to sell; or its non-production should have been accounted for.
The evidence reported, proved satisfactorily, that the defendant had at least a legal lien on the slave in question, which certainly was not discharged by the evidence of tender and refusal. The very act of tender proved the lien. But it was not a legal tender. It could not discharge the trust, if any such existed.
But, on another ground, I think the nonsuit ought to be granted. The declaration is for a special injury done, by inveigling away, and harboring the plaintiff’s slave, and the issue was joined upon this special charge. There was no evidence whatever to support the charge. The plaintiff relied upon the evidence usually adduced, to support an action of trover. There could be no necessity for this special form of action, unless it was to redress the special injury charged in the declaration ; and the proof ought to correspond, substantially, with the allegations charged. I can see no necessity for any action in this form at all, although I will not pretend to say it may not be maintained by sufficient evidence. It seems to me that trover or detinue might answer any case of this sort.
I am at a loss to conceive how a jury'would be authorized to give the value of the slave in damages, and allow the defendant to keep the property: and if this cannot be done, the plaintiff may, in some cases, recover in trover, or detinue, after a recovery in ,an .action for inveigling and harboring, which would be vexatious.